

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00099-CR

———————————————

MICHAEL STEEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1487639D

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Pro se Appellant Michael Steen attempts to appeal his July 2018 murder conviction and related forty-year sentence. Because we have no jurisdiction, we dismiss this appeal.

Pursuant to a plea bargain, Appellant pled guilty to murder in exchange for a forty-year sentence. *See* Tex. Penal Code Ann. §§ 12.42(d), 19.02(b)(1)–(2), (c). On July 9, 2018, the trial court convicted and sentenced Appellant in accordance with the bargain.[1] Appellant did not file a motion for new trial. His notice of appeal was therefore due by August 8, 2018, but he did not file it until May 28, 2020. *See* Tex. R. App. P. 26.2(a) (providing that a notice of appeal must be filed within thirty days of sentencing absent a timely motion for new trial). Thus, Appellant filed his notice of appeal more than twenty-one months too late. *See id.*; *Taylor v. State*, No. 02-19-00059-CR, 2019 WL 1574984, at *1 (Tex. App.—Fort Worth Apr. 11, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

We informed Appellant by letter of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely filed. *See* Tex. R. App. P. 26.2(a). We stated that the appeal would be subject to dismissal absent a response showing

---

[1]The plea paperwork indicates that Appellant was subject to a range of punishment of 25–99 years or life as a habitual offender. Appellant judicially confessed not only to the murder but also to the truth of the State's deadly-weapon and habitual-offender allegations. The trial court found both of those allegations true.

grounds for continuing it. Appellant responded to our letter, but his response does not allege grounds giving us jurisdiction over an out-of-time appeal.

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction over an appeal. *See* Tex. R. App. P. 26.2. The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant filed his pro se notice of appeal too late, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Taylor*, 2019 WL 1574984, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 24, 2020